```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ROBERT RUDAJ,                                     :
                                                  :
                          Movant,                 :
                                                  :
            -against-                             :     MEMORANDUM AND ORDER
                                                  :     11-cr-486(S-1)(S-3) (DLI)
UNITED STATES OF AMERICA,                         :     16-cv-3059 (DLI)
                                                  :
                          Respondant.             :
----------------------------------------------------------------x
```

**DORA L. IRIZARRY, United States District Judge:**

On June 13, 2016, Robert Rudaj ("Movant") filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255"), alleging the sentence violated the Supreme Court's ruling in *Johnson v. United States*, 576 U.S. 591 (2015), which held that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. *See generally,* § 2255 Mot., Dkt. Entry No. 1820.[1] The Government opposed the motion. *See*, Govt. Opp'n., Dkt. Entry No. 1831. Movant replied in support of the motion. *See*, Reply, Dkt. Entry No. 1833. For the reasons set forth below, the § 2255 motion is denied in its entirety.

## BACKGROUND

On November 19, 2012, Movant pled guilty to conspiracy to distribute and to possess with the intent to distribute marijuana as a lesser included offense under Count Three of a superseding indictment ("S-1") before the Hon. Joan M. Azrack, then United States Magistrate Judge of this Court. *See*, Minute Entry for Change of Plea Hr'g., Dkt. Entry No. 625; Guilty Plea Tr., Dkt. Entry No. 686. On January 24, 2013, this Court adopted the recommendation of the magistrate judge and accepted Movant's guilty plea. *See*, January 24, 2013 Electronic Order. While Movant was

---

[1] All references to docket entries are to entries made in the underlying criminal case, *United States v. Robert Rudaj, et al.*, Case Docket No. 11-cr-486(S-1)(S-3) (DLI).

awaiting sentencing on his guilty plea, the Government filed a misdemeanor information ("S-3") charging Movant and two other co-defendants with the assault of an inmate at the Brooklyn Metropolitan Detention Center. *See,* Information, Dkt. Entry No. 1392. On November 6, 2013, Movant entered a plea of guilty before this Court to the misdemeanor assault charge. *See,* Minute Entry, Guilty Plea, November 6, 2013.

On February 14, 2014, Movant was sentenced to 110 months of imprisonment followed by five (5) years of supervised release with conditions on Count 3 of the superseding indictment and to six (6) months of imprisonment followed by one (1) year of supervised release with conditions on the misdemeanor information, all to run concurrently with the sentence imposed on Count 3. *See*, Minute Entry for Sentencing Hr'g., February 14, 2014; Sentencing Hr'g Tr. ("Tr."), Dkt. Entry No. 2056 at 70-71; Judgment, Dkt. Entry No. 1524.

In relevant part, during sentencing, the Court concluded that Movant was a career offender pursuant to U.S. Sentencing Guideline ("USSG" of "Guidelines") § 4B1.1 based on his prior convictions, which qualified as "crime[s] of violence" under § 4B1.2. *See*, Tr. at 14, 63. This resulted in a Criminal History Category of VI. *See*, *Id.* at 24. After considering the applicable enhancements and reductions, and a final Total Offense Level of 29, the resulting sentence guideline range ("SGR") was 151 to 188 months of imprisonment on Count 3 and no guideline provisions for the misdemeanor. *See*, *Id.; See also,* Second Revised Presentence Report ("2d PSR"),[2] Dkt. Entry No. 1531. The Court then downwardly departed by two points based on a global plea disposition in this case that involved nearly 60 defendants, making the final total offense level 27, which resulted in a SGR of 130-162 months. *See*, Tr. at 25, 27. Finally, in light of Movant's minor role in the offense, as a downward variance, the Court imposed a prison

---

[2] The 2d PSR incorporated this Court's rulings made at the sentencing hearing.

sentence of 110 months on Count 3, to be served concurrently with Movant's six month sentence on the misdemeanor information. *See*, *Id.* at 70-71.

## LEGAL STANDARD

Under § 2255, a sentencing court may "vacate, set aside or correct [a] sentence" that was imposed "in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Relief generally is "available only for a constitutional error, defect of jurisdiction, or an error of law constituting a fundamental defect which inherently results in a complete miscarriage of justice." *Scala v. United States*, 2010 WL 3780320, at *1 (E.D.N.Y. Sept. 21, 2010) (internal quotation marks and citations omitted). Where a criminal defendant "did not raise an argument on direct appeal, he is procedurally barred from doing so on a collateral challenge under § 2255." *Rajaratnam v. United States*, 736 Fed. App'x 279, 281 (2d Cir. 2018) (citing *Zhang v. United States*, 506 F.3d 162, 166 (2d Cir. 2007). "An exception applies . . . if the [criminal] defendant demonstrates either (1) cause for the procedural default and ensuing prejudice, or (2) actual innocence." *Id.* (citing *Cox v. United States*, 783 F.3d 145, 150 (2d Cir. 2015)).

## DISCUSSION

### I. Movant has Procedurally Defaulted

Movant did not challenge his sentence on direct appeal. Movant has not provided any explanation for this procedural default and does not assert his actual innocence. Accordingly, Movant's § 2255 *habeas* motion is denied as procedurally barred.

### II. Movant Waived His Right to Collateral Review

Additionally, the instant motion is barred by Movant's appellate waiver contained in his plea agreement. A collateral attack waiver in a plea agreement is enforceable and bars a § 2255 motion based on *Johnson* claims. *See*, *Sanford v. United States*, 841 F.3d 578, 581 (2d Cir. 2016);

3

*See also*, *Collier v. United States*, 2019 WL 296767, at *5 (E.D.N.Y. Jan. 23, 2019) (enforcing waiver in plea agreement to bar § 2255 motion based on *Johnson*).  "[A] defendant's inability to foresee [a change in the law] does not supply a basis for failing to enforce an appeal waiver." *Sanford*, 841 F.3d at 581. (internal quotations and citation omitted); *See also*, *United States v. Avery*, 762 Fed. Appx. 50, 52 (2d Cir. 2019).  However, a waiver in a plea agreement may be unenforceable if "the plea itself, including the waiver, was not intelligent or voluntary."  *United States v. Ritter*, 700 F. App'x 10, 11 (2d Cir. 2017) (quoting *United States v. Roque*, 421 F.3d 118, 121 (2d Cir. 2005)).

Here, by entering into the plea agreement, Movant explicitly agreed "not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 175 months or below."  Plea Agreement, Dkt. Entry No. 1831-1, at ¶ 4; Guilty Plea Tr. at 12-13.  The Court downwardly varied significantly in sentencing Movant to 110 months of imprisonment on Count 3 of the superseding indictment and six (6) months of imprisonment on the misdemeanor information, to be served concurrently, and well below 175 months.  Movant who at all times was represented by counsel, does not argue that his guilty plea was not made knowingly, intelligently, or voluntarily, and the Court has no reason to believe otherwise after a review of the guilty plea and sentencing transcripts.  Accordingly, the waiver provision of Movant's plea agreement is enforceable and bars Movant's § 2255 motion.

### III. Movant's Motion is Foreclosed by *Beckles*

Movant's § 2255 motion also fails on the merits.  Movant argues that he should not be considered a career offender since *Johnson* invalidates the residual clause of USSG § 4B1.2.  *See*, 2255 Mot. at 3-6.  Movant does not challenge the qualification of his previous convictions under

4

New York law as "crimes of violence" under the residual clause pre-*Johnson*, only that they no longer qualify in light of *Johnson*. *Id.* at 11-21.

In *Johnson*, the Supreme Court held that the residual clause of the ACCA as set forth 18 U.S.C. § 924(e)(2)(B), which defined a category of violent offenses that trigger enhanced mandatory minimum sentences, was unconstitutionally vague, and imposing a sentence under this clause violates a defendant's constitutional right to due process. 576 U.S. at 606. In *Welch v. United States*, the Supreme Court held that *Johnson* applies retroactively to ACCA cases on collateral review. 136 S. Ct. 1257, 1268 (2016).

After Movant's § 2255 motion was briefed fully, the Supreme Court considered a due process challenge to a similar residual clause contained in USSG § 4B1.2(a), the provision defining a "crime of violence" that may serve to qualify an individual as a career offender. *See*, *Beckles v. United States*, 137 S. Ct. 886 (2017). The Supreme Court held that the residual clause in § 4B1.2(a) was not unconstitutional because "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause." *Id.* at 895. Thus, Movant's argument is undermined fatally by *Beckles*. *See*, *Guerrero v. United States*, 2019 WL 3940131, at *2 (S.D.N.Y. July 31, 2019) (denying Section 2255 petition attacking crime of violence classification under § 4B1.2 in light of *Beckles*); *United States v. Aiken*, 2019 WL 2053989, at *1 (S.D.N.Y. May 9, 2019) (denying *habeas* petition based on vagueness challenge to Guidelines following *Beckles*); *Dantzler v. United States*, 2019 WL 1574799, at *3 (E.D.N.Y. Apr. 11, 2019) (same). Therefore, Movant's § 2255 motion is denied.

## CONCLUSION

For the reasons set forth above, Movant's § 2255 motion is denied in its entirety. Movant is denied a certificate of appealability, as he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *See,* Fed. R. App. P. 22(b); *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See*, *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
       September 27, 2021

/s/
DORA L. IRIZARRY
United States District Judge